# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RAYMOND CHESTNUT,                )
                                 )
    Petitioner,              )
                                 )
v.                               )    Case No. CIV-16-1352-R
                                 )
JOHN FOX, Warden,                )
                                 )
    Respondent.              )

## REPORT AND RECOMMENDATION

Raymond Chestnut, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial review, the petition should be **DISMISSED** as untimely.

## I. SCREENING REQUIREMENT

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.[1]

---

[1] The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Ct.

Additionally, district courts are permitted to consider, *sua sponte*, the timeliness of a habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). Finally, a Court may dismiss a habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008).

## II.  ANALYSIS

Petitioner is currently in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at Terre Haute-USP in Terre Haute, Indiana.[2] Petitioner challenges the execution of his sentence, arguing: (1) that BOP officials denied him Due Process in eight

---

[2] The Court retains subject matter jurisdiction over the petition, because at the time of filing, Mr. Chestnut was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. (ECF No. 1). *See Santillanes v. U.S. Parole Commission,* 754 F.2d 887, 888 (10th Cir. 1985) ("[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.")

prison disciplinary proceedings which resulted in the loss of good-time credits and (2) the findings in each incident lacked evidentiary support. (ECF No. 1:1-8). Mr. Chestnut requests expungement of the incidents and restoration of his credits. (ECF No. 1:8).

## III. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of;

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This statute also applies when analyzing § 2241 petitions by federal prisoners. *See Brennan v. United States*, 646 F. App'x 662, 665, n.5 (10th Cir. 2016), *citing Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010).

For a habeas petition challenging a prison administrative decision, the relevant section is 2244(d)(1)(D) and the one-year limitations period begins when "the factual

3

predicate of the claim ... could have been discovered through the exercise of due diligence." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D) (2006). *See Dulworth v. Evans* 442 F.3d 1265, 1268 (10th Cir. 2006). When a petitioner "timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." *Dulworth*, 442 F.3d at 1268 (10th Cir. 2006).

## IV. DISMISSAL BASED ON UNTIMELINESS

According to Mr. Chestnut, he appealed each of the eight disciplinary convictions at issue to the "national inmate appeals administrator." (ECF No. 1:2-6).[3] Relief was denied and the convictions became final on January 28, 2013, June 11, 2013, December 2, 2013, January 6, 2014, January 23, 2014, and March 13, 2014. (ECF No. 1:2-6). Thus, absent tolling, the Petitioner's statute of limitations on each conviction would have expired one year later, on January 28, 2014, June 11, 2014, December 2, 2014, January 6, 2015, January 23, 2015, and March 13, 2015. *See United States v. Hurst,* 322 F.3d 1256, 1260–61 (10th Cir. 2003) (adopting the "anniversary method" wherein " 'the day of the act ...

---

[3] The first step of the BOP administrative procedure requires an inmate to attempt informal resolution of the dispute. *See* 28 C.F.R. § 542.13(a). If the dispute is not resolved informally, the inmate must submit a formal written "administrative remedy request" to the warden of the facility. *See* 28 C.F.R. § 542.14(a). If the dispute is not resolved through the administrative remedy request, the inmate can appeal to the appropriate Regional Director. *See* 28 U.S.C. § 542.15(a). If the inmate is not satisfied with the response of the Regional Director, he may submit an appeal to the General Counsel, which the final step in the administrative process. *See id.* Mr. Chestnut states that he appealed to both the "regional director" and then to a "national appeals administrator." *See* ECF No. 1:2-6. Under the statute, the "national appeals administrator" is the individual at the Office of the General Counsel responsible for reviewing the final appeal. 28 U.S.C. § 542.15(b)(3).

from which the designated period of time begins to run shall not be included' " (citation omitted)). But Mr. Chestnut did not file his habeas petition until November 28, 2016. (ECF No. 1:1). Thus, in the absence of tolling, the Court should dismiss the petition because it was filed 19 months following the expiration of the limitations period on his latest conviction.

### A. Statutory Tolling

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). However, statutory tolling is not applicable in the instant case because Mr. Chestnut had no "state court review" as a form of possible recourse. Mr. Chestnut's claims were fully exhausted upon his final appeal to and denial from the national inmate appeals administrator. *See* 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a). *See also Garza v. Davis,* 596 F.3d 1198, 1204 (10th Cir. 2010) (noting that federal inmate's challenge to prison disciplinary proceedings is fully exhausted upon compliance with the BOP administrative procedure).

### B. Equitable Tolling

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida,* 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (holding that equitable tolling is available only in " 'rare and exceptional

circumstances' ") (citation omitted); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (to justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control."). Petitioner carries the burden to prove entitlement to equitable tolling. *See Miller v. Marr,* 141 F.3d 976, 977 (10th Cir. 1998). Petitioner has not presented any evidence as to why equitable tolling should apply and the Court should conclude that equitable tolling is not appropriate.

### C. Summary

Without tolling, Petitioner's statute of limitations on the individual disciplinary convictions expired January 28, 2014, June 11, 2014, December 2, 2014, January 6, 2015, January 23, 2015, and March 13, 2015. Because Petitioner did not file the instant petition until November 28, 2016 dismissal is appropriate.

### V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the petition be **DISMISSED** as untimely.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 13, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on January 26, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE