# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND CHESTNUT, | ) |
| Petitioner, | ) |
| v. | ) CIV-16-1352-R |
| JOHN FOX, | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with regard to eight disciplinary convictions during his ongoing incarceration.[1] The Court referred the matter to United States Magistrate Judge Shon T. Erwin for preliminary review, and on January 26, 2017, Judge Erwin issued a Report and Recommendation, wherein he recommended the Court dismiss the Petition as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this de novo review, the Court finds as follows.

Petitioner seeks to challenge eight disciplinary convictions imposed during his incarceration: 1817744, 1846617, 2221354, 2355031, 2307705, 2334774, 2334607, and 2337572. In the Petition, he alleged the timeframe for his administrative appeals, the most

---

[1] Petitioner filed three actions in this Court and in each case, he challenges numerous disciplinary infractions.

recent appeals having been denied on January 23, 2014. As a result, Judge Erwin recommended denial of the Petition as untimely, because Petitioner failed to file this action within one year of the exhaustion of his administrative remedies with regard to any of the disciplinary convictions. Judge Erwin further concluded that Petitioner alleged no basis for equitable tolling of the statute of limitations.

The objection states, in part: "Petitioner submits that the date(s) or year(s) of his administrative remedies becoming final as appears in his § 2241 habeas corpus petition is a technical error. Nevertheless, relief was denied and the prison disciplinary convictions actually did not become final until on January 28, 2016, June 11, 2016, December 2, 2015, January 6, 2016, January 23, 2016, and March 13, 2016." Doc. No. 11, p. 1-2. He contends he might have provided inaccurate dates with regard to his exhaustion. Finally, he notes he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act statute of limitations because extraordinary circumstances prevented him from filing timely legal challenges to his disciplinary convictions. He asserts he was placed in the Special Management Unit ("SMU) in 2013 and not released therefrom until 2016 without access to his legal property until December 5, 2016, when he arrived at USP Terre Haute.

The Court hereby **ADOPTS** Judge Erwin's Report and Recommendation. The Court first notes that Petitioner verified his Petition under penalty of perjury, stating that the information therein, which included specific dates on which each of his convictions became final, was correct. He now provides a contrary affidavit setting forth new dates that would render the instant petition timely. The Court rejects Petitioner's contention that the petition is timely; it appears Petitioner's affidavit is an attempt to manufacture a factual

2

dispute by alleging new facts inconsistent with his prior declaration under penalty of perjury. The Tenth Circuit has held that courts should "disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). Accordingly, the Court hereby disregards Exhibit A to Petitioner's Objection and concludes the dates therein do not render the instant Petition timely.

Additionally, Petitioner's time in the SMU did not hinder his ability to pursue timely litigation and therefore he is not entitled to equitable tolling. The instant petition is neither the first nor the last petition filed as a challenge to the eight disciplinary infractions identified therein. Despite being in the SMU from 2013 until 2016, Petitioner filed multiple actions challenging these and other disciplinary convictions. His infractions were the subject of more than fifty § 2241 petitions filed in the Middle District of Pennsylvania, the Northern District of Georgia, and the District of South Carolina. The Northern District of Georgia and the District of South Carolina transferred such actions to the Middle District of Pennsylvania. Petitioner's general course of action in each case was voluntary dismissal of the petition, without explanation, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Most often, the dismissal came after the Government filed its response to the petition, but before a court ruling.[2] Regardless of the substantive outcome of those

---

[2] Petitioner wasted no time in filing new challenges once he was transferred to USP Terre Haute. He currently has pending in the Southern District of Indiana seventeen individual cases, that court extracted each infraction into a separate case from the single case Petitioner filed challenging the seventeen disciplinary convictions, the same convictions he is currently challenging in this Court. *See Chestnut v. Daniels*, CIV-16-459-WTL-DKL (Doc. No. 11-1)(chart setting forth case number for each disciplinary conviction Petitioner challenges).

petitions, it is apparent is that Petitioner was not prevented in any manner from filing legal challenges during the period he was in the SMU.[3] Accordingly, the Court concludes Petitioner is not entitled to equitable tolling of the statute of limitations period with regard to any of his disciplinary infractions, as he was not deprived of his ability to litigate his claims during his time in SMU.

For the reasons set forth herein, the instant Petition is **DISMISSED AS UNTIMELY**. Furthermore, Petitioner's Motion for Order to Show Cause (Doc. No. 12) is hereby **DENIED AS MOOT.**

IT IS SO ORDERED this 23rd day of February 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] With regard to Petitioner's conviction in incident 2253031, the United States District Court for the Middle District of Pennsylvania denied the petition on the merits and denied Mr. Chestnut's motion for voluntary dismissal. *Chestnut v. Ebbert*, CV-15-1581 (M.D.Pa. Sept. 12, 2016). In the Memorandum denying relief the court noted that Petitioner had exhausted his administrative remedies with regard to this incident and the date of denial of his final administrative appeal was June 11, 2013. *Id.* Doc. No. 10. This is consistent with the allegation in the instant Petition. Hoewver, even without regard to the timing of the petition, the Court would decline to consider a § 2241 challenge to this infraction under 28 U.S.C. § 2244(a). *See Pinko v. Berkebile*, 601 Fed.Appx. 611, 614 (10th Cir. 2015).